■ HARRY EISENBERG, Respondent, v CITATION-LANGLEY CORPORATION, Defendant, and JERROLD BRANDT, Appellant. — Appeal from the order of the Supreme Court, New York County (Kleiman, J.), entered March 18, 1983, which granted plaintiff's motion for summary judgment in lieu of complaint and which denied the cross motion of defendant Brandt to dismiss the proceeding and from the order (Kleiman, J.), entered April 6, 1983 granting reargument and, upon reargument, adhering to the original determination, dismissed as subsumed in the appeal from the judgment. Judgment of the Supreme Court, New York County (Kleiman, J.), entered March 18, 1983 awarding plaintiff summary judgment reversed, on the law, with costs, and the action dismissed. Plaintiff moved for summary judgment in lieu of complaint pursuant to CPLR 3213. The action purports to be bottomed on a promissory note drawn by defendant Citation-Langley Corporation to the order of plaintiff and claimed to be unconditionally guaranteed by defendant Brandt. Service was effected on Brandt at his home in Los Angeles on August 8, 1982, a Sunday. Brandt cross-moved to dismiss the action, in part, on the ground that section 11 of the General Business Law provided that "[a]ll service or execution of legal process, of any kind whatever, on the first day of the week is prohibited * * * Service or execution of any process upon said day except as herein permitted is absolutely void for any and every purpose whatsoever". Accordingly, contends Brandt, the service was a nullity. We think the point is

well taken. Although service was personally effected in California, a State in which Sunday service is permitted, it was effected pursuant to our law which permits personal service in another State under specified conditions (CPLR 313). Among the conditions enumerated in CPLR 313 is the requirement that such service be made "in the same manner as service is made within the state". Service was not so made. Accordingly, it was void. Similarly, we find that the appearance by Brandt's attorneys in successfully resisting the attachment sought to be levied on Brandt's property was not a general appearance (see CPLR 320, subd [c], par 1; 314, subd 3). In short, we hold that Special Term did not have jurisdiction to grant the relief. Although we have based our determination solely on the question of jurisdiction, we note in passing that what is presented to us as an unconditional guarantee appears to be no more than a waiver by Brandt personally of "presentment, demand, protest, note of protest and notice of dishonor" and consent, "without notice to any and all extensions of time or terms of payment". While it is true that the stock redemption agreement among plaintiff, defendant Citation-Langley Corporation and Brandt makes reference to a note to be executed by the corporation which is to be unconditionally guaranteed by Brandt, no such guarantee has been exhibited to us. Thus, if we were to reach the merits we would be required to hold that whether the document executed by Brandt personally was intended to be a guarantee is a question of fact which would preclude summary judgment. Concur — Sandler, J. P., Bloom, Fein, Milonas and Kassal, JJ.